I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Plaintiff (OR PARTIES) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE.

DATED: 6/16/09

DEPUTY CLERK



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTIAN L. CURRY,<br><br>　　　　Plaintiff,<br>vs.<br>THE COUNTY OF LOS ANGELES, et al.,<br><br>　　　　Defendants. | Case No. CV 07-7802-VAP (RNB)<br><br>ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

    Pursuant to 28 U.S.C. § 636, the Court has reviewed all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge with respect to a Motion to Dismiss filed by defendants the County of Los Angeles (the "County"), the Los Angeles County District Attorney's Office (the "LADA"), and Los Angeles County Deputy District Attorneys Reinhold Mueller, Matthew Vodnoy, and Karol Carleton (collectively the "County Defendants"). The Magistrate Judge recommended that the Motion to Dismiss be granted in part and denied in part. The deadline for filing objections to the Report and Recommendation was April 8, 2009.

    Although none of the County Defendants filed objections to the Report and Recommendation within the time allotted, plaintiff did file on April 6, 2009 a document captioned "Plaintiff's Objections to the Report and Recommendation of

United States Magistrate Judge Robert N. Block." However, plaintiff acknowledged at the outset of his filing that his "objections" were more in the nature of a "clarification" of the basis for one of his claims against defendant Vodnoy. Plaintiff did not disagree with any of the Magistrate Judge's recommendations. Moreover, plaintiff conceded that he was unable to state a <u>Monell</u> claim against the County or the LADA.

In any event, having made a de novo determination of the portion of the Report and Recommendation to which plaintiff's objections/clarification were made, the Court concurs with and adopts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED, pursuant to the Report and Recommendation and plaintiff's concession in his objections/clarification, as follows:

1. The County, the LADA, and individual defendants Carleton and Mueller are dismissed from this action.

2. The Motion to Dismiss on the ground that this action is duplicative of the allegations pending in Case No. CV 08-0237-VAP (RNB) is denied.

3. The Motion to Dismiss plaintiff's claims and allegations against defendant Vodnoy based on plaintiff's allegations that defendant Vodnoy (a) filed a false crime report against plaintiff, (b) coached witnesses to lie at the preliminary hearing, and (c) fabricated evidence against plaintiff is granted with leave to amend.

4. The Motion to Dismiss plaintiff's claims against defendant Vodnoy based on plaintiff's allegations in the operative Second Amended Complaint of other acts performed by defendant Vodnoy is granted without leave to amend.

5. If plaintiff still desires to pursue any claim against defendant Vodnoy based on his allegations that defendant Vodnoy (a) filed a false crime report against plaintiff, (b) coached witnesses to lie at the preliminary hearing, and/or (c) fabricated

//
//

evidence against plaintiff, he is ordered to file a Third Amended Complaint remedying the deficiencies discussed in the Report and Recommendation within thirty (30) days of the date of this Order.[1]

DATED: June 14 2009

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, in his objections/clarification, plaintiff proposes to include in his Third Amended Complaint a claim against defendant Vodnoy for "libel and slander to the press/media." No such claim was alleged in the Second Amended Complaint, and it is not clear to the Court that supplemental jurisdiction would lie over such a claim. However, at this juncture, the Court is not foreclosing plaintiff from alleging a libel and slander claim against defendant Vodnoy in his Third Amended Complaint, which defendant Vodnoy will then be free to challenge on jurisdictional or other grounds.